# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-440-RJC

| | |
|---|---|
| TIFFANY STEVENS, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| WELLS FARGO BANK, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint, (Doc. No. 5). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 4).

## I. BACKGROUND

Plaintiff filed this employment discrimination action on August 10, 2020. (Doc. No. 1). The Complaint was dismissed on initial review and Plaintiff was given the opportunity to amend. (Doc. No. 4). The Amended Complaint is presently before the Court for initial review.

Plaintiff purports to seek relief for violations of the Americans with Disabilities Act and other unspecified federal law. (Doc. No. 5 at 4). Plaintiff identifies as her disabilities a "mental disorder and fractured ankle." (Doc. No. 5 at 5). Plaintiff contends that she took a medical leave of absence in March 2018 due to "work related Anxiety, Depression, and physical stress to the body" due to "repetitious physical labor and force extended work hours" that Wells Fargo forced her to undertake in her own department and other departments. (Doc. No. 5 at 10). While Plaintiff was on medical leave, she was also diagnosed with posterior malleolus right ankle fracture that is caused by walking, standing, pulling, pushing for extended periods of time. (Doc. No. 5 at 11). Plaintiff contends that the Wells Fargo management team, human resources, accommodation

1

management, and ethics employees discriminated against her, invaded her privacy, slandered her, and inflicted emotional distress and that she was ultimately terminated due to her illness and injury. (Doc. No. 5 at 11). Plaintiff claims that she and a few other employees had been the victims of the same treatment, that this was reported to Wells Fargo's human resources and employee ethics, and that no resolution was reached. (Id.). Plaintiff alleges discriminatory termination of her employment, failure to accommodate a disability, unequal terms and conditions of employment, retaliation, invasion of privacy and mishandling of records, and defamation of character. (Doc. No. 5 at 5, 8). Plaintiff seeks compensatory, punitive, and consequential damages.

Plaintiff filed a Notice of Discrimination based on disability with the Equal Employment Opportunity Commission on March 18, 2019 stating:

> I. I have been employed by the above employer since approximately July 2016 as an Operations Clerk II. My job duties require me to lift heavy objects and walk during an extended hour shift. I am an individual with a disability and a physical impairment which substantially effects a major life function. In March 2018, I took a medical leave of absence until July 2018. During this period, I learned that due to my job duties, one of my major life functions was negatively affected and required me to seek treatment and possible surgery. I was returned to work with medical restrictions of an 8 hour, sit down shift. I was accommodated and placed in a vacant teller position, however, in mid-October 2018, I was informed that I would no longer be accommodated and that I needed to return to my regular job duties. Because I was unable to return to my original job duties, I was forced to take a leave of absence without pay which I was approved to take until May 2019. On or about March 14, 2019, my manager informed me that if I did not return to work by April 1, 2019, I would be terminated. I believe that I could have continued to perform the teller job duties as an accommodation because there were teller positions that were vacant and worked by temporary employees.
>
> II. I believe that I was discriminated against and denied reasonable accommodation and discriminated against in violation of The Americans with Disabilities Act of 1990, as amended.

(Doc. No. 5 at 13).

The EEOC issued a Notice of Right stating that it was unable to conclude that the

2

information establishes a violation of the statute. (Doc. No. 5 at 15). Plaintiff states that she received the Notice of Right to Sue on March 5, 2020. (Doc. No. 5 at 6).

Plaintiff states in her Amended Complaint that she was unable to file the Complaint within 90 days of receiving the Notice of Right to Sue due to COVID-19 and other "serious unfortunate circumstances." (Doc. No. 5 at 11-12).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The ADA prohibits employers from discriminating based on the known physical or mental impairments of a "qualified individual with a disability." 42 U.S.C. § 12101 et seq. To state an ADA discrimination claim, a plaintiff must show that she (1) was a qualified individual; (2) was discharged; (3) was fulfilling the legitimate expectation of the employer; and (4) the circumstances of the discharge raise a reasonable inference of unlawful discrimination. Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012). To make out an ADA retaliation claim, a plaintiff must establish: (1) she engaged in a protected activity; (2) her employer took adverse action against her; and (3) a causal connection existed between the adverse activity and protected action. Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 706 (4th Cir. 2001).

Liberally construing the Amended Complaint, Plaintiff has plausibly alleged that

3

Defendant failed to provide a reasonable accommodation for Plaintiff's disabilities, and terminated her employment based on those disabilities and in retaliation for complaining about the lack of accommodation. Therefore, these claims will be permitted to pass initial review.

Plaintiff makes additional allegations, including for the invasion of her privacy, slander, defamation, and the infliction of emotional distress. However, Plaintiff fails to support these conclusory claims with any factual allegations. See Fed. R. Civ. P. 8(a) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief). Plaintiff has failed to state a plausible claim for any of these alleged violations, and therefore, these claims will be dismissed for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

Plaintiff's Amended Complaint has passed initial review on claims of discrimination on the basis of a disability and for retaliation. The remaining claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint has passed initial review for discrimination based on a disability and for retaliation, and the remaining claims are dismissed without prejudice.

2. **IT IS FURTHER ORDERED** that the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendant **Wells Fargo Bank**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant pursuant to Rule 4(c)(3). The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff. All costs of service shall be advanced by the United

States. Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $400.00 filing fee.

Signed: October 8, 2020

Robert J. Conrad, Jr.
United States District Judge